**HONORABLE BENJAMIN H. SETTLE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS G. BERNINGER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d.b.a. AMTRAK; and DOES ONE THROUGH FIFTY.<br><br>Defendants. | CASE NO.  3:18-cv-05080- BHS<br><br>**PLAINTIFF'S MOTION FOR ORDER REMANDING THIS ACTION TO STATE COURT**<br><br>[28 U.S.C. §§ 1445(a), 1446(b)(1), (3) & 1447(c)]<br><br>**NOTE ON MOTION CALENDAR: March 16, 2018**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.   INTRODUCTION AND RELIEF REQUESTED

Plaintiff moves for an order remanding this action to the Superior Court of Washington pursuant to 28 U.S.C. §§ 1446(b)(1), (3) and 1447(c). This motion is made on the grounds that the above-entitled action alleges, in part, a work-related personal injury claim brought under the Federal Employers' Liability Act, "FELA," 45 U.S.C. §§ 51 *et seq.*  As such, 28 U.S.C. § 1445(a) expressly provides that FELA actions filed in State courts "may not be removed to any district court of the United States."  Accordingly, Plaintiff respectfully requests that the Court grant its motion remanding this case to the Pierce County Superior Court of Washington.  *See,* 45 U.S.C.

PLAINTIFF'S MOTION FOR REMAND
PAGE 1 OF 12

BRENEMAN ‖ GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

§ 56, ("The jurisdiction of the courts of the United States under this chapter [FELA] shall be concurrent with that of the courts of the several States").

## II.  SUMMARY OF ARGUMENT

**THIS IS A NON-REMOVABLE FEDERAL EMPLOYERS' LIABILITY ACT CASE**

Plaintiff Chris G. Berninger brings this lawsuit to recover damages for personal injuries received on December 18, 2017, when Defendant National Railroad Passenger Corporation's ("Amtrak") Cascades train 501 derailed as it approached a railroad bridge across Interstate 5 near Mounts Road in DuPont, Pierce County during its inaugural run on the Point Defiance Bypass, Lakewood Subdivision track.  Mr. Berninger commenced a lawsuit in the Pierce County Superior Court of Washington, on January 5, 2018.[1]  His Complaint alleged personal injury claims under, both, Washington State tort law and the Federal Employers' Liability Act, "FELA," 45 U.S.C. §§ 51 *et seq.*, as his injuries occurred in relevant part in the scope of his employment with Amtrak. *Fowler v. Seaboard Coastline R.R. Co.,* 638 F.2d 17, 20 (5th Cir. 1981).

At the time of the accident, Mr. Berninger was employed as a passenger train conductor for Amtrak.  Although he began the train trip as a passenger, immediately after the derailment and consistent with the Amtrak Service Standards rules for employees, Mr. Berninger assumed the duties of an assistant conductor and helped passengers and employees at the accident scene.  In the process, he suffered severe emotional shock and distress.

Amtrak's Service Standards manual directs employees who are traveling on Amtrak trains, whether on or off duty, to assist passengers and crew members when a train accident occurs.  Mr. Berninger was working under this company mandate when he was injured and, therefore, in the scope of his employment with Amtrak.

---

[1] Complaint, attached as **Exhibit 1** to the Affidavit of Carole Bosch.  All exhibits referenced herein are attached to Ms. Bosch's affidavit unless stated otherwise.

PLAINTIFF'S MOTION FOR REMAND
PAGE 2 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

Because Mr. Berninger has a cognizable FELA cause of action, Defendant's removal of his FELA case from state court to federal court is barred by law. 28 U.S.C. § 1445(a). Accordingly, this Court lacks jurisdiction and this case should be remanded to the Superior Court of Washington, County of Pierce, where it was properly filed. 28 U.S.C. § 1447(c). Additionally, diversity of citizenship will be destroyed because Plaintiff intends on filing suit against local public entities after his administrative claims are denied or 60 days after the filing of his claims. 28 U.S.C. § 1441(b).

### III. FACTUAL AND PROCEDURAL BACKGROUND

**A. The Derailment of Amtrak Passenger Train 501.**

Plaintiff Chris Berninger has been employed as a passenger train conductor for Amtrak since April 2004.[2] On December 18, 2017, Mr. Berninger was a passenger on Amtrak's Cascades train 501 when it derailed as it approached a railroad bridge across Interstate 5 near Mounts Road in DuPont, Pierce County.[3] Despite suffering physical injuries to his shoulder and back, immediately after the derailment, Mr. Berninger made contact on his portable radio with the on-duty conductor, Tanner Lingerfelter.[4] Mr. Berninger asked the conductor if he needed help, and Mr. Lingerfelter indicated that he needed Mr. Berninger's help.[5] Thereafter, Mr. Berninger put on his Amtrak ID, which hung on a lanyard around his neck, and gathered the train keys and Amtrak-issued conductor's portable radio.[6]

Mr. Berninger performed the duties of an assistant conductor at the derailment scene. He went back to the train to fetch the medical kit and a stretcher for those who needed first aid attention. He led the evacuation of the passengers who could walk to safety away from the train.

---

[2] Affidavit of Plaintiff Chris Berninger at ¶¶2-3.
[3] Affidavit of Plaintiff Chris Berninger at ¶5.
[4] Affidavit of Plaintiff Chris Berninger at ¶5.
[5] Affidavit of Plaintiff Chris Berninger at ¶5.
[6] Affidavit of Plaintiff Chris Berninger at ¶6.

PLAINTIFF'S MOTION FOR REMAND
PAGE 3 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

He told everyone capable of walking to move away from the rail cars. Checking on the status of train crew members, Mr. Berninger learned that civilians had gotten Amtrak locomotive engineer Steve Brown off the train, but not Garrick Freeman, a conductor on a familiarization trip. Mr. Berninger helped Mr. Freeman out of the train. He spoke to Elaine Estevence, an Amtrak lead service attendant who worked in the train's dining car. Ms. Estevence looked like she had multiple injuries but said that she was okay. Mr. Berninger sent an ENT to evaluate her. Mr. Berninger saw many people injured that day, including himself. He saw a passenger whose leg was soaked in blood because his skin had been degloved. [7]

The traumatic injuries, pain, and devastation that Mr. Berninger observed while assisting passengers to safety caused him severe emotional shock and distress. [8] He worked at the scene of the accident for approximately four hours. [9]

**B. Amtrak's Service Standards Required that Mr. Berninger Resume His Duties Upon the Derailment.**

As part of Mr. Berninger's employment with Amtrak, he was trained and required to comply with the Service Standards rules in the Amtrak manual entitled, "Service Standards for Train service & On-Board Service Employees," "Effective 12:01am, October 30, 2017, Manual No. 10.1" – this manual is also called the "Blue Book." [10] In its "Introduction" on how Amtrak handles emergencies, the manual states, "During all emergency situations, Amtrak's primary focus is to ensure that maximum safety is provided to employees, passengers and other involved individuals." Under Subsection B, entitled "Train Emergencies," Amtrak provides, "Passengers traveling on Amtrak have entrusted us with their health and safety. All employees, whether they are on-duty or off-duty . . . traveling under their pass privileges, must identify themselves to the

---

[7] Affidavit of Plaintiff Chris Berninger at ¶6.

[8] Affidavit of Plaintiff Chris Berninger at ¶7.

[9] Affidavit of Plaintiff Chris Berninger at ¶8.

[10] Affidavit of Plaintiff Chris Berninger at ¶4, and "Exhibit 1" to Mr. Berninger's affidavit, excerpts from Amtrak's Blue Book, which Amtrak issued to him, regarding employee instructions for emergency situations.

PLAINTIFF'S MOTION FOR REMAND
PAGE 4 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

appropriate person in charge and offer assistance to passengers and other employees in the event of an emergency. On-train employees should note whether other employees are traveling on their train so they can be called upon for assistance if necessary." [11]

Amtrak's "General Train Emergency Instructions" in Section B(1) apply to both on-duty and *off-duty employees*, as can be seen by some of the Service Standards rules quoted below:

a. Under Subsection B(1)(b), Amtrak instructs its employees, like me, that "The conductor will be in charge and have authority over all employees during emergency situations."

b. Subsection B(1)(g) requires that "Employees (on or off duty) must take charge of the situation and provide leadership for the passengers by providing . . . instruction and direction."

c. Subsection B(1)(h) requires that "Employees (on or off duty) that are currently not performing operational duties must walk the train (inside) and help passengers by keeping them informed, answering questions and assisting as needed."

d. Subsection B(1)(i) instructs, "Solicit assistance from all employees on-board, such as those off duty, pass riders, etc. Employees can participate by helping to maintaining [sic] order, attend to the injured or assist with evacuation procedures." [12]

Subsection B(2) concerns "Derailment," which requires compliance with "General Train Emergency Instructions" listed in Section B(1), some of which are stated above. Subsection B(2)(a) requires that, "All Employees (on or off duty) will assist passengers in derailed cars making safety the primary focus." [13]

---

[11] Affidavit of Plaintiff Chris Berninger at ¶5, and his "Exhibit 1" thereto at pp. 3-4.
[12] Affidavit of Plaintiff Chris Berninger at ¶4, and his "Exhibit 1" at pp. 4-5.
[13] Affidavit of Plaintiff Chris Berninger at ¶4, and his "Exhibit 1" at p. 6.

PLAINTIFF'S MOTION FOR REMAND
PAGE 5 OF 12

BRENEMAN ‖ GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

**C. Procedural History**

Mr. Berninger commenced his lawsuit against Amtrak by filing a Complaint with the Pierce County Superior Court of Washington on January 5, 2018.[14] Confirmation of Service, dated January 26, 2018, shows that Amtrak was served the Complaint.[15] Mr. Berninger has also filed administrative claims against public entities, namely the State of Washington, Sound Transit (a public transit agency serving the Seattle area), and the City of Tacoma.[16] On February 8, 2018, the Tacoma Public Utilities denied Mr. Berninger's claim.[17] Plaintiff will file suit against the City of Tacoma, and intends to file suit against Washington State and Sound Transit after 60 days of the filing of these claims.[18]

In his Second Cause of Action, Mr. Berninger alleged a work-related personal injury claim under the FELA against his employer, Amtrak:

> ¶4.6 That at all times herein mentioned, Defendant AMTRAK was a common carrier by railroad engaged in interstate commerce. Plaintiff CHRIS G. BERNINGER, while initially a passenger on the subject train, began working as an Assistant Conductor immediately after the derailment, and part of the injuries complained of arose while Plaintiff CHRIS G. BERNINGER was performing duties in the furtherance of, or affecting, interstate commerce. That this action is brought under and by virtue of the provisions of the Federal Employers' Liability Act, ("FELA"), 45 U.S.C. §§51, *et seq.*."
>
> ¶4.7 That during that time, Defendant AMTRAK owed to Plaintiff CHRIS G. BERNINGER the non-delegable duty of exercising ordinary care to provide Plaintiff CHRIS G. BERNINGER with a reasonably safe place in which to work; to institute and oversee reasonably safe procedures and methods for the performance of said work; to warn and educate Plaintiff CHRIS G. BERNINGER

---

[14] **Exhibit 1**, Complaint.

[15] **Exhibit 2**, Summons, dated January 5, 2018, and Confirmation of Service, dated January 26, 2018.

[16] Affidavit of Carole Bosch, ¶¶5-8, **Exhibits 2, 3, 4, 5** and **6** are the administrative claims.

[17] Affidavit of Carole Bosch, ¶8.

[18] Affidavit of Carole Bosch, ¶9.

PLAINTIFF'S MOTION FOR REMAND
PAGE 6 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

of unsafe conditions in the workplace; to monitor Plaintiff CHRIS G. BERNINGER's workplace for hazards; and to take action to make the workplace safe when on notice of dangerous conditions and injuries to other employees; that Defendant AMTRAK, through its agents and employees, other than Plaintiff CHRIS G. BERNINGER, carelessly and negligently failed in its aforesaid duties by, among other things, failing to provide a safe place to work and failing to train its agents and employees to operate trains safely on the new Point Defiance Bypass, Lakewood Subdivision track.

¶4.8 That, at all times herein mentioned, Defendant AMTRAK, as Plaintiff CHRIS G. BERNINGER's employer, was under an obligation to comply with the FELA and that, at all times herein mentioned, Defendant AMTRAK violated said statute, and said violation, played a part in legally causing Plaintiff CHRIS G. BERNINGER to suffer and sustain the injuries and damages herein set forth. [19]

On January 30, 2018, Defendant filed and served its Notice of Removal of this case to federal court.  This motion follows.

### IV.   ISSUES

(1) Is Amtrak barred by 28 U.S.C. § 1445(a) from removing Plaintiff's case from State superior court to U.S. District Court because the Complaint contains a cognizable Federal Employers' Liability Act cause of action? **Yes.**

(2) Was Plaintiff acting within the scope of his employment with Amtrak, in a way that Amtrak might reasonably have foreseen and which Plaintiff might reasonably have thought necessary in the interest of or in the benefit of Amtrak when he assisted the passengers and crew after the derailment? **Yes.**

### V.   ARGUMENT

**A. Plaintiff's Federal Employers' Liability Act Case, Filed in State Court, Cannot Be Removed to District Court.  28 U.S.C. § 1445(a).**

*1. Applicable Standards*

**A FELA action filed in state court is <u>not</u> removable**.  28 U.S.C. § 1445(a); *Fritchman v. Norfolk Southern Railway Co.,* 2009 WL 722301, *4 (E.D. Penn. 2009), (the statute clearly

---

[19] **Exhibit 1**, Complaint, at pages 5-6.

PLAINTIFF'S MOTION FOR REMAND
PAGE 7 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

provides that "A civil action in any State court against a railroad ..., arising under [the FELA], may not be removed to any district court of the United States."). In providing for concurrent state and federal court jurisdiction for FELA actions (45 U.S.C. § 56), and prohibiting their removal to federal courts, Congress sought to protect the injured railroad employee's right to bring an FELA action in a state court. *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 434 (1965).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Fritchman, supra,* 2009 WL 722301 at *3; *In re Briscoe,* 448 F.3d 201, 217 (3rd Cir. 2006). "Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed" and "must assume as true all factual allegations of the complaint." *Fritchman, supra,* 2009 WL 722301 at *3; *Steel Valley Auth. V. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir. 1987). Additionally, the court may properly consider the plaintiff's affidavit/declaration setting forth in more factual detail the basis for his/her FELA claim. *Roddy v. National Railroad Passenger Corporation (Amtrak),* 2017 WL 4698066, *1 (E.D. Penn. 2017), ("Either in response to preliminary objections in state court or a motion to dismiss in federal court, Plaintiff would have had the opportunity to amend, and amplify the facts supporting the claim.").

The removing party's burden of establishing that removal was proper is a heavy one. *Roddy, supra,* 2017 WL 4698066 at *1; *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3rd Cir. 1995). Defendant must show there is "**no possibility that the plaintiff would be able to establish a cause of action**." *Unterberg v. Exxon Mobil Corp.*, 2014 WL 3420779, *8 (D. Haw. 2014). The court looks at whether it is "obvious" that the joinder is fraudulent and whether the claim is clearly "baseless." *Id.* The court "must resolve all disputed questions of fact and any ambiguities in the current controlling substantive law in favor of the plaintiff." *Unterberg, supra*, 2014 WL 3420779 at *8. Likewise, when faced with the propriety of removing an FELA case,

PLAINTIFF'S MOTION FOR REMAND
PAGE 8 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

district courts have applied the fraudulent joinder standard, such that "a district court will deny remand...[only] where it determines as a matter of law ***there was no reasonable basis for predicting that the plaintiff might establish liability***." *Roddy, supra,* 2017 WL 4698066, *2 (emphasis added); *accord, Tucker v. Chas, Kurz & Co.,* 2014 WL 12573518, *1 (E.D. Penn. 2014), (remand is required unless plaintiff has "**no possibility of prevailing on the merits**"); *Fritchman, supra,* 2009 WL 722301 at *3-*4, (remand required unless joinder "appears to be fraudulent" or "where there exists 'no reasonable possibility' that Plaintiff's FELA claims will prevail.").

While Mr. Berninger initially suffered injuries as a passenger, he also was injured while performing his duties in the scope of his employment as an assistant conductor. His resumption of duties was required by Amtrak Service Standards. Plus, the conductor on-duty, who has authority over *all employees* during emergency situations, indicated that he needed Mr. Berninger's help. Under these circumstances, Defendant Amtrak cannot establish that there is no possibility Mr. Berninger might prevail in a FELA claim. Defendant's reliance on cases in which employee-plaintiffs were injured as commuters on trains is misplaced and not on point. Accordingly, Mr. Berninger's case was improperly removed to federal court and should now be remanded to state court where it was properly filed. 45 U.S.C. § 56.          *2. The FELA Applies to Plaintiff's Second Cause of Action.*

The applicability of the FELA turns on whether Mr. Berninger was acting within the scope of employment at the time of his injuries. *Roddy, supra,* 2017 WL 4698066, *1. To recover under the FELA, (1) the employer must be a common carrier by railroad engaged in interstate commerce; (2) the injured worker must be employed by the defendant with duties furthering interstate commerce; (3) **the injuries were sustained while claimant was so employed**; and, (4) the injuries were the result of the railroad employer's negligence. 45 U.S.C. § 51; *Smith v. Medical and Surgical Clinic Ass'n*, 118 F.3d 416, 419 (5th Cir. 1997), citing *Fowler, supra,* 638

PLAINTIFF'S MOTION FOR REMAND
PAGE 9 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

F.2d at 19.  Relevant to this motion, Mr. Berninger is entitled to recover under the FELA because he was injured "within the scope of employment" (the third factor).

The scope of employment is broadly interpreted "**to encompass acts incidental to the employment as well as the actual work**." *Fowler, supra*, 638 F.2d at 19-20.  The proper test for scope of employment in an FELA case is "**whether the act was one which the employer might reasonably have foreseen and which the employee might reasonably have thought necessary in the interest of or in the benefit of the employer**." *Id.*; *Smith, supra*, 118 F.3d at 419, ("we reiterate that under *Fowler*, an activity falls within the scope of employment if (1) the employer might reasonably have foreseen it and (2) the employee might reasonably have thought it necessary for the employer's benefit."); *see also, Texas and Pac. Ry. v. Jones,* 298 F.2d 188 (5th Cir. 1962), (employee, who was injured while voluntarily assisting another employee, was covered by the FELA).  The scope of employment encompasses a railroad worker's injuries which "**must have been a necessary incident of the discharge of his duties**." (*Roddy, supra,* 2017 WL 4698066, *1); *see also, Wilson v. Chicago, M., St. P., & P.R.R.,* 841 F.2d 1347, 1355 (7th Cir.1988) ("Even if not required, an act [such as riding in a vehicle] could be within the scope of employment if it is 'a necessary incident of [the] day's work.'"; "necessary" is in the sense of "appropriate."); *Fowler, supra,* 638 F.2d at 20, (eating lunch on company property is an activity "customarily engaged in by all employees working an eight-hour shift and is incidental to the employment ... [and] reasonably foreseen by the employer."); *Mostyn v. Delaware, L. & W.R.R.,* 160 F.2d 15, 17-18 (2nd Cir.1947), (eating and sleeping are essential to performing work, and in particular when employees on layover use accommodations provided by the employer for eating or sleeping, they are acting within the scope of their employment); *Smith, supra*, 118 F.3d at 419-421, (if an employee might reasonably have thought that accepting a flu shot was necessary for the benefit of his employer railroad, then  submitting to a flu shot was an act within the scope of employment).  Thus, "**To be within the scope of the employment, conduct must

PLAINTIFF'S MOTION FOR REMAND
PAGE 10 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

**be of the same general nature as that authorized, or incidental to the conduct authorized**." *Wilson, supra,* 841 F.2d at 1352.

Here, Mr. Berninger suffered injuries in the scope of his employment while assisting passengers and employees after the horrific derailment. As an off-duty employee riding on Amtrak's train, he was required to assist passengers and employees pursuant to Amtrak's Service Standards rules in the event of an accident. With his portable radio, Mr. Berninger contacted the conductor on-duty, who accepted his offer of help. He put on his Amtrak ID and led the evacuation. His acts furthered Amtrak's primary focus to ensure that maximum safety was provided to passengers and employees in an emergency situation. He took charge and provided instruction and direction to the passengers. He helped passengers and employees by assisting them as needed. He helped to maintain order; attended to the injured, and assisted with evacuation procedures. According to the Service Standards rules, and the training Amtrak gives its conductors, Amtrak must have foreseen, anticipated and expected that an employee in Mr. Berninger's position would discharge his duties as he did. As such, there is no basis in fact or in law for Defendant's removal here.

In *Roddy, supra,* Amtrak contended that an employee was no more than a commuter on a train when he was injured. *Roddy, supra,* 2017 WL 4698066, *2. However, the employee was returning phone calls and answering emails related to his work when the accident occurred; his many duties required him to be at multiple locations at different times, and the only way in which he could meet his responsibilities was to use Amtrak trains and work *en route*. *Id.* The courted noted that, "Where Plaintiff was going, what Plaintiff was doing at the time of injury, and whether his stopover in Baltimore takes him outside the scope of employment are all issues that might ultimately relieve Amtrak of responsibility under the FELA. **I cannot, however, say that there is no possibility he might prevail as a matter of law. Plaintiff's Motion to Remand will therefore be granted in its entirety**." *Id.*; emphasis added. Likewise here, the Court must

PLAINTIFF'S MOTION FOR REMAND
PAGE 11 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

remand this case because neither can Amtrak aver that there is no possibility that Mr. Berninger might prevail as a matter of law.

### B. Plaintiff's Anticipated Lawsuits Against Local Public Entities, Will Destroy the Diversity of Citizenship Between the Parties

28 U.S.C. § 1332(a)(1) provides original jurisdiction in the federal courts "where the matter in controversy exceeds the sum or value of $75,000 ... and is between – citizens of different States...." Mr. Berninger filed administrative claims against Washington State, Sound Transit, and the City of Tacoma, and intends to file suit upon denial or 60 days after the claims were filed. Because Mr. Berninger and the City of Tacoma are all citizens of Washington State, removal under 28 U.S.C. § 1332(a)(1) is barred. 28 U.S.C. § 1441(b), ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

### VI. CONCLUSION

Plaintiff respectfully requests that the Court grant his motion to remand his case to Pierce County Superior Court, on the grounds that he has filed an FELA claim and that such a claim cannot be removed from state court to federal court under 28 U.S.C. § 1445(a). Additionally, the diversity of citizenship between the parties will be destroyed once Plaintiff files suit against local public entities, such as the City of Tacoma. 28 U.S.C. § 1441(b).

RESPECTFULLY submitted this 22nd day of February 2018.

BRENEMAN GRUBE OREHOSKI, PLLC

By: /s/ Joseph A. Grube
Joseph A. Grube, WSBA #26476
Karen Orehoski, WSBA #35855
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR REMAND
PAGE 12 OF 12

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607